IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN BASHAW, et al.,

    Plaintiffs,   No. CIV S-10-2869 KJM DAD

    vs.

THE BANK OF NEW YORK MELLON CORPORATION, et al.,

    Defendants.

<u>ORDER</u>

/

    This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(1), failure to state a claim in accordance with Rule 12(b)(6) and motion for misjoinder under Rule 21. ECF 7. Plaintiffs did not timely respond to defendants' motion. On March 31, 2011, this court issued an order requiring plaintiffs to reply with either an opposition brief or statement of non-opposition in accordance with Local Rule 230. ECF 12. Plaintiffs filed their opposition brief on April 15, 2011. ECF 14.

    For the reasons set forth below defendants' motion to dismiss is GRANTED with leave to amend.

I.   BACKGROUND

On October 25, 2010, Kathleen and Wiley Bashaw, Jodee Brownsworth, Estorgio Carvajal, Clorinda Miranda, Cutberto Cutero, Esperanza De Luna, Rita Dotson, Paul Dunges, Gerald Eastman, Michael Fobbs, Maria Gonzalez, John Ingham, Ken Jorgensen, Gary Kluck, Efrain and Maria Lopez, Magdaleno Nucum, Favio Perez, Wayne Pinoli, Gary Porter, Connie Taliaferro, Kim Warner and Charles and Patricia Weaver (collectively, "plaintiffs") filed suit against The Bank of New York Mellon Corporation, Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Landsafe, Inc., Landsafe Appraisal Services, Inc. and Recontrust Company N.A. (collectively, "defendants") for fraud, conspiracy to commit fraud, breach of fiduciary duty, reformation of contract, and breach of implied covenant. *See generally* Complaint ("Compl."), ECF 1.[1] Each of these claims is based in California state law; however, according to plaintiffs, federal subject matter jurisdiction is conferred by the implication of various federal banking regulations. Compl. ¶ 1. Plaintiffs allege that defendants conspired together to appraise plaintiffs' individual properties above their market value so that their resulting loans would be undercollateralized, leading to profits for the defendants. Compl. ¶¶ 4, 5. Plaintiffs also allege that defendants schemed to "(1) falsely inflate property values; (2) originate loans based upon these inflated values for Plaintiffs whom were placed in the unfortunate position of borrowers; (3) reap profits in the millions of dollars; (4) prospectively plan for the real estate crash which would eventually result; and (5) reaping further benefit after the defaults of the loans subject of this action all at the detriment of the plaintiffs." *Id.* ¶ 10.

/////

/////

---

[1] The court notes that plaintiffs' docketed complaint is missing pages 16 and 17. By process of deduction from the record before the court, these pages apparently set forth allegations supporting second and third claims for conspiracy to commit fraud and breach of fiduciary duty, respectively. As these pages thus would also set forth California common law claims, their absence does not affect the court's analysis.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction and, until proven otherwise, causes of action lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court. FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A federal district court has original jurisdiction in cases that arise under federal law. 42 U.S.C. §1331. A case arises under federal law when a plaintiff establishes that a claim is created by federal law or that a right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. "Failure to allege specifically the statute conferring jurisdiction is not always fatal to an action if the facts showing jurisdiction appear in the complaint." *See Mir v. Fosburg*, 646 F.2d 342, 346-47 (9th Cir.1980) (citing *Andrus v. Charlestone Stone Products Co.*, 436 U.S. 604, 607-08 n.6 (1978)). However, it must be clear that "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded . . . claims." *Franchise Tax Bd. Of Cal.*, 463 U.S. at 13.

Plaintiffs contend that federal question jurisdiction is "quite obvious," as the "foundation of the claims contained in [the] complaint are [*sic*] based upon federal statutes, specifically the Real Estate Lending Standards Act as codified in the Code of Federal Regulations." Pls' Opp'n at 3-4, ECF 14. Contrary to plaintiffs' rhetoric, jurisdiction is not obvious. Plaintiffs aver that "[a]djudication of Plaintiffs' complaint requires an analysis and construction of federal law including Federal Lending Standards promulgated by 12 CFR part 65 (Real Estate Lending Standards adopted by FDIC); 12 CFR part 208, subpart C (Real Estate Lending Standards adopted

by FRB); 12 CFR part 34, subpart D (Real Estate Lending Standards adopted by OCC); and 12 CFR §§ 563.100-101 (Real Estate Lending Standards adopted by OTC)." Compl. ¶ 1. It is unclear what part, if any, the cited regulations serve to support plaintiffs' claims. In addition, plaintiffs note the 1986 Tax Reform Act created the investment vehicles known as Real Estate Mortgage Investment Conduits ("REMICs"). While plaintiffs suggest defendants took "the legitimate concept of the REMIC well beyond its intended purpose," they do not allege any federal law violation giving rise to a private cause of action. *Id.*, ¶15.

In the complaint itself, plaintiffs do not allege any violation of federal law or indicate how resolution of a federal question is required to pursue their claims. Rather, the alleged causes of action are all based in California common law. From the face of the complaint, then, there does not appear to be any connection between the plaintiffs' claims and resolution of any federal question. Even if plaintiffs' claims were to implicate the cited regulatory authority, it is still unclear how merely invoking the regulations' existence presents a substantial, disputed question of federal law. Justice Cardozo's observation in *Gully v. First Nat. Bank*, 299 U.S. 109, 117 (1936), is apt: "[t]he most one can say is that a question of federal law is lurking in the background . . . A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states." A cursory reference to federal law, without more, is insufficient to justify this court's exercise of jurisdiction.

Because it appears at this stage of pleading that the court may not have jurisdiction to hear plaintiffs' claims, the court need not reach the other grounds for dismissal identified in defendants' moving papers. At the same time, because plaintiffs may be able to clarify their pleading to address the jurisdictional defect, plaintiffs will be given leave to amend.

/////

/////

/////

4

1          Accordingly, this action is DISMISSED.  Plaintiffs are granted leave to amend, with
2 any amended complaint to be filed within twenty-one (21) days of this order.
3          IT IS SO ORDERED.
4 DATED:  July 18, 2011.

                                                UNITED STATES DISTRICT JUDGE